Mr. Chief Justice Shahkey
delivered the opinion of the court.
This is a scire facias to revive a judgment obtained in the circuit court of Franklin county, by the plaintiff against the defendant’s testator. There was a demurrer to the scire facias, which was sustained by the court, and the plaintiff prayed an appeal, which was granted “ upon the plaintiffs entering into bond in the penalty of one thousand dollars, conditioned according to law within thirty days, with one security to be approved of by the clerk.” The bond was subsequently executed. '
Two points are brought to the consideration of the court. First, was the appeal regularly taken? and secondly, did the court err in sustaining the demurrer?
By a provision in the Revised Code, page 136 and 148, any party aggrieved by the judgment of the circuit court, may appeal therefrom, by giving bond and security, to be approved of by the court. Can the court delegate the power to approve, or can the bond be given in vacation under this provision in the law? The bond is intended for the benefit of the party against whom the appeal is prayed, and in many instances is a matter of great importance for the security of such persons, and he has a right, in court, to insist upon good security, and may make a showing to the court ol the insufficiency of the security *269 tendered. If the bond could be given in vacation, and approved by any person appointed for that purpose, the party might be deprived of the security provided for him by law. If the court can delegáte this power to its clerk, it can also to any other person, for it is no part of the official duty of the clerk. The bond is to be approved of by the court; it does not follow that the judge himself could approve it, at any other time than during the term, for certainly the term court is too well understood to suppose that it is applicable to the judge in vacation. The entry that was made on the record during the term cannot amount to an approval, for the bond had not been executed, nor any security tendered or named. The sixth section of the supreme court law authorises the judges to grant certain writs in vacation, and to grant appeals from decrees in the chancery court, but it is silent as to any power to grant appeals from the circuit courts in vacation. This section, by a common rule of construction, would seem to restrict the power to grant appeals in any other cases than those specified. Although the appeal in this case was granted in term time, it could have no effective operation or validity until bond given, which formed a substantive part of the appeal. This question has been settled in Virginia, on a statute similar to our own. The case in 4 Randolph’s Reports, 460, is directly in point. It is there decided, that such an appeal was insufficient, and accordingly dismissed.
It is insisted by the plaintiff’s counsel, that this objection comes too late, and a rule of the former supreme court, requiring that motions to dismiss should be made at the first term, is relied on. This is a question directly affecting the validity of the appeal, and I do not think that any rule of court should be construed to make valid and enforce any thing void in law. I give no opinion as to the binding efficacy of a bond so taken.
On the other point I do not think the court erred in sustaining the demurrer, at least for some of the causes assigned. A scire facias, to revive a judgment, although a continuation of former proceedings, is in reality in the nature of an action as to the parties sought to be charged, and should contain sufficient certainty to enable the court to give judgment. It should, therefore, show *270 clearly their reputation, character, the mode by which that character devolved on them, and that they are qualified in such pecuniary capacity, for on these must depend the plaintiff's right to make them parties, and charge them with the judgment. 2 Tidd. 1032. It is insisted, that the defendants should have pleaded, that they were not executors. The answer is, that a party is never called on to plead, until called on by sufficient allegations.
The judgment of the court must be affirmed.